IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

CRYSTAL D. DAVIS,

      **Plaintiff,**

v.                                         **CIVIL ACTION NO. 3:05CV51**
                                                  **(BROADWATER)**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge James E. Seibert (Doc. No. 14), dated April 25, 2006, and Plaintiff's corresponding objections (Doc. No. 15), filed on May 5, 2006. In accordance with 28 U.S.C. § 636(b)(1) this Court conducted a *de novo* review. As a result, it is the option of the Court that the Magistrate Judge's Report and Recommendation (Doc. No. 11) should be, and is, **ORDERED adopted**.

Initially, the Plaintiff objects to the Magistrate Judge's finding, on pages 13 through 18 of the Report and Recommendation, that substantial evidence supports the ALJ's findings regarding the weight given to the opinion of Plaintiff's treating physician, Dr. Galey. Specifically, Plaintiff contends that the ALJ erred by failing to award controlling weight to the opinion of Plaintiff's treating physician and by failing to state with sufficient specificity the reasons for doing so.

A claimant's treating physician is entitled to great weight and may only be disregarded if there is persuasive contradictory evidence. Evans v. Heckler, 734 F.2d 1012, 1015 (4th Cir. 1984). Controlling weight to medical opinions may be given only in appropriate circumstances

when the opinion is 1) well-supported by medically acceptable clinical and laboratory diagnostic techniques, and 2) not inconsistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Courts often afford "greater weight to the testimony of a treating physician" because the treating physician has necessarily examined, and has a treatment relationship with, the claimant. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

The Court now finds that the ALJ undertook the necessary analysis required by SSR 96-5p to "evaluate all the evidence in the case record to determine the extent to which the opinion is supported in the record." In this case, the ALJ determined that despite Dr. Galey's ultimate conclusion, examinations "during the period in question failed to reveal any swelling, limitation or motion, or instability." (Tr. 20). Additionally, the ALJ noted inconsistencies in Dr. Galey's treatment record as well as the failure to prescribe an assistive device or place restrictions on the Plaintiff's activities. (Tr. 20-21). As a final matter, the ALJ placed weight on Plantiff's ability to perform daily activities, such as climbing stairs and grocery shopping, in addition to her ability to work during Dr. Galey's treatment period. (Tr. 20).

The Court's task is not to conduct factfinding of its own, but to determine whether the ALJ's factfinding is supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is defined as such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Substantial evidence consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

After review of the record, this Court finds that the ALJ conducted a sufficiently thorough and reasonable analysis, stating justifications with sufficient specificity. Accordingly, the Court Adopts the Magistrate Judge's findings as set forth in the Report and Recommendation, that the

ALJ's decision not to give great weight to Dr. Galey's conclusion is supported by substantial evidence that is sufficiently articulated.

Plaintiff's second objection concerns the Magistrate Judge's finding, on pages 18 through 20 of the Report and Recommendation, that the ALJ properly evaluated the Plaintiff's credibility. Specifically, Plaintiff contends that the ALJ failed to properly apply the second prong of the Craig test.

Case law is well settled that, because of "opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observation concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1997). In determining credibility as to a claimant's subjective complaints of pain, the ALJ must (1) evaluate, by objective medical evidence, the existence of an impairment capable of causing the degree of pain alleged, and (2) consider the claimant's credibility regarding her subjective allegations of pain in light of the record as a whole. Craig v. Chater, 76 F.3d 585 (4th Cir. 1996).

In this instance, sufficient evidence exists on the record as a whole to support the ALJ's conclusion that Plaintiff's subjective allegations of the high degree of pain were not credible. Specifically, the ALJ noted that Plaintiff reported a significant decrease in pain to her physical therapists before being discharged to a home program. (Tr. 22). Additionally, the record reveals that Plaintiff was able take care of her personal needs, including "housework, go[ing] grocery shopping, and driv[ing] a vehicle." (Tr. 22). Plaintiff also did not take prescription medication, was not prescribed any assistive device, and would not wear a knee brace because "she did not like the appearance." (Tr. 22). As a final matter, the ALJ noted that the clinical findings indicating a "full range of motion of the knee and no instability" did not support the Plaintiff's subjective allegations of pain. (Tr. 22). In light of the foregoing and the special deference

accorded to credibility determinations, this Court finds sufficient evidence in the record as a whole to support the ALJ's finding that the Plaintiff's subjective allegations of pain were not credible. Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation on this issue.

Therefore, the Court **ORDERS** that **Defendant's Motion for Summary Judgment**[1] be **GRANTED.** Correspondingly, **Plaintiff's Motion for Summary Judgment**[2] is hereby **DENIED**. It is further **ORDERED** that, based on the reasons set forth in the Magistrate Judge's Report and Recommendation, this action be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

It is so ORDERED.

The Clerk is directed to transmit true copies of this Order to the petitioner and all counsel of record herein.

**DATED** this 29th day of September, 2006.

*/s/ W. Craig Broadwater*
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE

---

[1] Doc. No. 12.

[2] Doc. No. 8.